## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANSELMO A. CHAVEZ,

        Contestant,

    -vs-                                         No. CIV 06-0625 LH/ACT

WILLIAM B. RICHARDSON,

        Contestee.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on William B. Richardson's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, on Other Grounds ("Motion to Dismiss") (Docket No. 4), filed July 26, 2006, and Anselmo Chavez's Motion for Transfer Within District ("Motion to Transfer") (Docket No. 7), filed August 2, 2006.  The Court, having reviewed the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion to Dismiss is well taken and will be **granted** and that the Motion to Transfer is not well taken and will be **denied**.

Mr. Chavez brings this pro se suit, titled "Notice -- Of election [sic] Contest," to challenge the renomination of New Mexico Governor Richardson to that office in the democratic party primary election held on June 6, 2006.  Mr. Chavez claims that because Mr. Richardson filled out and signed his voter registration and declaration of candidacy forms as "Bill Richardson," rather than "William Blaine Richardson" or "William B. Richardson," as purportedly is required by state law, he was not

eligible at the time of the primary election for the office of governor.  Mr. Chavez, who apparently

was a write-in candidate, further asserts that because more legal votes were cast for him than for Mr.

Richardson, the results should be set aside and he, Mr. Chavez, should be issued the primary election

certificate of nomination for governor.  Mr. Richardson moves for dismissal of this suit on grounds,

among others, of lack of subject-matter jurisdiction.  Mr. Chavez has responded and also has filed

a motion seeking transfer of this matter to state court.


      "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their

jurisdiction."  *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)(citing *Castaneda v.

INS*, 23 F.3d 1576, 1580 (10th Cir.1994)).  Subject-matter jurisdiction involves a court's authority

to hear a given type of case.  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir.

2004)(citing *United States v. Morton*, 467 U.S. 822, 828 (1984)).  There are two statutory bases for

federal subject-matter jurisdiction, diversity jurisdiction under 28 U.S.C. § 1332 and federal-question

jurisdiction under 28 U.S.C. § 1331:

> First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil
> actions where complete diversity of citizenship and an amount in excess of $75,000
> in controversy exist. Second, under 28 U.S.C. § 1331, federal district courts 'have
> original jurisdiction of all civil actions arising under the Constitution, laws or treaties
> of the United States,' or federal question jurisdiction. In addition, if the court has
> federal question or diversity jurisdiction over some claims, it may exercise
> supplemental jurisdiction over state law claims.

*Barragan v. St. Catherine Hosp.*, 339 F.Supp.2d 1141, 1143 (D.Kan. 2004).  If a federal court lacks

jurisdiction, it cannot render judgment and must dismiss the case at any point in the proceedings at

which it becomes apparent that jurisdiction is lacking.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d

842, 844 (10th Cir. 1988).    The party claiming jurisdiction bears the burden of establishing jurisdiction by a preponderance of the evidence.  *Id.*

The federal rules require "a short and plain statement of the grounds upon which the court's jurisdiction depends."  FED. R. CIV. P. 8(a)(1).  Absent an adequate showing by the party invoking jurisdiction, the presumption is that no jurisdiction exists.  *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).  Furthermore, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  FED. R. CIV. P. 12(h)(3).

Although Plaintiff's pro se pleadings must be liberally interpreted by the Court, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), he "nevertheless must follow the same rules of procedure that govern other litigants," *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)(citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)).  Additionally, the Court should not "assume the role of advocate for the pro se litigant."  *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).


Mr. Chavez does not dispute that he asserted no basis for federal jurisdiction in his initial pleading, "Notice -- Of election [sic] Contest," and the Court can find none.  He also makes no argument in support of federal jurisdiction in his response to the Motion to Dismiss, rather stating that he is taking action to "transfer" the case state court.[*]  Indeed, this is what he seeks in his Motion

---

[*] Mr. Richardson's Notice of State Court Filing (Docket No. 12) informs the Court that Mr. Chavez has filed a "substantially similar cause of action in the Second Judicial District Court, State of New Mexico."  This action was dismissed on October 16, 2006.  *See* Notice of State Court Judgment, Ex. A (Docket No. 13), filed October 24, 2006.

for Transfer Within District-- that the Court transfer this case to state court, pursuant to 28 U.S.C. § 1406(a).

Clearly, Mr. Chavez has not met his burden and the Court must find that it lacks subject-matter jurisdiction over this case.   Additionally, while federal law allows a district court to transfer a case brought in the wrong venue to any federal district or division in which it could have been brought, *see* 28 U.S.C. § 1406, the Court does not have the power to transfer this matter to the state court system, s*ee, e.g., Mills v. Maine*, 118 F.3d 37, 51-52 (1st Cir. 1997).

WHEREFORE,

**IT IS HEREBY ORDERED** that William B. Richardson's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, on Other Grounds (Docket No. 4), filed July 26, 2006, is **GRANTED**.

**IT IS FURTHER ORDERED** that Anselmo Chavez's Motion for Transfer Within District (Docket No. 7), filed August 2, 2006, is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**